IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY MICHAEL DELAROSA,

    Plaintiff,

    v.

COREY FHUERE,

    Defendant.

No. 6:24-cv-01201-YY

OPINION AND ORDER

**BAGGIO, District Judge:**

On January 27, 2025, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R", ECF 20), that recommended that this Court GRANT Respondent Corey Fhuere's motion to dismiss (ECF 11) and DENY Petitioner Anthony Michael DelaRosa's (1) petition for writ of habeas corpus because he did not exhaust available state remedies, and (2) petition for writ of error coram nobis because this court lacks jurisdiction. Petitioner filed objections on February 27, 2025 ("Objections", ECF 26), and Respondent responded on February 28, 2025 ("Resp.", ECF 28).

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. §§ 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however,

OPINION AND ORDER - 1

required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

      Petitioner objects to Judge You's recommendation to deny his petition for habeas corpus relief because he does not seek habeas corpus relief; rather, he seeks a writ of error coram nobis. Objections, at 1-2. However, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction in which the conviction was had." *Burgess v. Williams*, No. CIV. 04-621-BR, 2004 WL 1375543, at *1 (D. Or. June 16, 2004) (quoting *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982). Because Petitioner seeks to attack his *state court* convictions, this Court agrees with Judge You's conclusion that the Court lacks jurisdiction to issue a writ of error coram nobis.

//
//
//
//
//
//
//

OPINION AND ORDER - 2

Accordingly, the Court agrees with Judge You's recommendation and ADOPTS her F&R (ECF 20) in full. To the extent Petitioner seeks habeas corpus relief, his petition is DENIED without prejudice to his right to re-file once his available state remedies are fully exhausted. Petitioner's petition for writ of error coram nobis is DENIED with prejudice for lack of jurisdiction. Because Petitioner has not established a substantial showing of the denial of a constitutional right, the Court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7th day of March, 2025.

*Amy M. Baggio*
AMY M. BAGGIO

OPINION AND ORDER - 3